The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700

Tatar Law Firm, APC
Stephanie Tatar, Esq. (237792)
Stephanie@TheTatarLawFirm.com
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
*Attorneys for Plaintiff*,
Ivyshanne Acorin

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

**IVYSHANNE ACORIN,**

Plaintiff,

v.

**TRANS UNION, LLC,**

Defendant.

Case No.: 3:24-cv-00038-JES-BLM

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT TRANS UNION**

[*Filed concurrently with Declaration of Stephanie R. Tatar; and Proposed Order*]

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................1

II.   PROCEDURAL BACKGROUND.............................................1

III.  TRANS UNION FAILED TO OBTAIN A PROTECTIVE ORDER ........................................................................................4

IV.  TRANS UNION HAS WAIVED ITS OBJECTIONS .............6

    A. Topic 10: Costs or expenses Trans Union incurred in conducting each investigation into Plaintiff's disputes ........................7

    B. Topic 13-15: Contact information of individuals responsible for creating, implementing and training on identity theft, and debtor verification and those that communicated with Plaintiff....................................8

    C. Topic 16-17: Training provided to employees regarding Defendant's policies and procedures for fraud, identity theft and credit reporting.........................................8

    D. Topic 23, 24: Complaints and lawsuits regarding credit reporting, fraud or identity theft and Topics 25, 26: Studies, audits, quality control analyses Trans Union has conducted regarding the frequency of identity theft disputes and identity theft disputes pertaining to Wells Fargo ..........................................................................9

V.   TRANS UNION'S INADEQUATE PREPARATION OF ITS 30(B)(6) WITNESS CONSTITUTES A FAILURE TO APPEAR .......................................................................11

    A. Background Information.............................................12

    B. Topic No. 1: Factual Basis for Each Affirmative Defense ................12

    C. Topic No. 2: Defendant's policies, procedures, methods, techniques and rules regarding investigations .....................13

    D. Topic No. 6-7: All communications regarding the Wells Fargo accounts ........................................................14

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

i

E.  Topic No. 9: Information regarding Defendant's investigation ........................................................................... 14

VI.    CONCLUSION ....................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Rutherford v. Evans hotels, LLC,*

2018 U.S. Dist. LEXIS 202663, 2018 WL 62476516 (S.D. Cal. Nov. 29, 2018) ......................................................................................... 5

*Beach Mart, Inc. v. L & L Wings, Inc.,*

302 F.R.D. 396, 406 (E.D. N.C. 2014) ............................................ 5

*New England Carpenters Health Benefits Fund v. First DataBank, Inc.,*

242 F.R.D. 164, 165-166 (D. Mass. 2007) ...................................... 5

*Gibbs v. Anderson,,*

No. CV 19-7455-RGK (PLA), 2021 U.S. Dist. LEXIS 252627 (C.D. Cal. Oct. 8, 2021) ........................................................................ 5

*Poche Mines Consolidated, Inc. v. Dolman,*

333 F.3d 257, 269 (9th Cir. 1964) .................................................. 5

*Darbeevision, Inc., v. C&A Mktg,*

No. CV 18-0725 AG (SSx), 2019 U.S. Dist. LEXIS 134914 (C.D. Cal. Jan. 28, 2019) .................................................................. 5

*Holloway v. 3m Co.,*

No. EDCV19-708 JAK (KKx), 2019 U.S. Dist. LEXIS 222001 (C.D. Cal. Oct. 31, 2019) ................................................................... 5, 6

*Prodox, LLC v. Prof'l Document Servs.,*

341 F.R.D. 679, 684 (D. Nev. 2022) ............................................... 5

*Shuthima Pongsai v. Am. Express Co.,,*

No. *:19-cv-01628-DOC-(JDEx), 2020 U.S. Dist. LEXIS 113168 (C.D. Cal. June 29, 2020) ............................................................... 5

*Ahanchian v. Xenon Pictures, Inc.,*

624 F.3d 1253, 1261 (9th Cir. 2010) .............................................. 6

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*

507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) ......... 6

*DIRECTTV Inc. v. Trone,*

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

209 F.R.D. 455, 458 (C.D. Cal. 2002) .......................................................... 6

*Blackenship v. Hearst Corp.,*

519 F.2d 418, 419 (9th Cir. 1975)..................................................... 6, 7

*Bird v. Wells Fargo Bank,*

No. 1:16-cv-01130-DAD-EPG, 2017 U.S. Dist. LEXIS 49675 (E.D.
Cal. Mar. 31, 2017) ............................................................................. 6, 7

*Burns v. Imagine Films Entertainment, Inc.,*

164 F.R.D. 589, 593 (W.D.N.Y. 1996) ................................................. 7

*Ramones v. Experian Info. Sols., LLC,*

537 F. Supp 3d 1314, 1322 (S.D. Fla.2021)........................................ 7

*Lara v. Experian Info. Sols., LLC,*

625 F. Supp. 3d 1062, 10074 (S.D. Cal. 2022) .................................. 9

*Safeco Ins. Co. of Amer. V. Burr,*

551 U.S. 47, 57 (2007) .................................................................... 9, 10

*Smith v. LexisNexis Screening Sols., Inc,*

837 F.3d 604, 610 (6th Cir. 2016)..................................................... 10

*Dalton v. Capital Associated Industries, Inc.,*

257 F.3d 409, 418 (4th Cir. 2001) ..................................................... 10

*James . Experian Info. Solutions, Inc.,*

2013 U.S. Dist. LEXIS 149709 (E.D. Va. Oct. 3, 2013) ..................... 10

*Ahern v. Trans Union, LLC,*

2002 U.S. Dist. LEXIS 26355 (D. CT November 15, 2002) ........... 10, 11

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

637 F.3d 939, 953 (9th Cir. 2011)..................................................... 10

*Lofton v. Verizon Wireless (VA), LLC,*

308 F.R.D. 276, 289 (N.D. Cal. 2015) ............................................... 11

*Guidu Li v. A Perfect Day Franchise, Inc.,*

2011 U.S. LEXIS 96715, 2011 WL 3895118 (N.D. Cal. July 1, 2015)................ 11

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

*San Diego Unified Port. Dist. V. TDY Indus.,*

2005 U.S. Dist. LEXIS 56226 (S.D. Cal. November 21, 2005)............................11

**Statutes**

15 U.S.C. § 1681n ..................................................................................................9

Cal. Civ. Code 1785.31 ..........................................................................................9

**Other Authorities**

Fed. R. Civ. P. Rule 30(b)(6) ...................................................................4, 6, 11, 12

Fed. R. Civ. P. Rule 26(c) ...................................................................................2, 4

Fed. R. Civ. P. Rule 6(b)(1)(B) ...........................................................................5, 6

Fed. R. Civ. P. Rule 26(b)(5)(A) .............................................................................8

Fed. R. Civ. P. Rule 26(a) .......................................................................................8

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## I.    INTRODUCTION

Plaintiff Acorin moves to compel Trans Union to designate a corporate witness for testimony on sixteen topics crucial to establishing Trans Union's unreasonable and reckless investigation of Plaintiff's disputes—central issues in her FCRA and CCRAA claims. At the January 8, 2025 deposition, Trans Union's witness was unqualified, refused to testify on twelve topics, and provided inadequate testimony on four others. Despite conferral, Trans Union refused to produce additional witnesses or seek a protective order, instead providing an unprepared witness just before discovery cutoff. Plaintiff now seeks Court intervention.

## II.    PROCEDURAL BACKGROUND

On November 14, 2024, Plaintiff sent a Notice of Deposition of Trans Union's Rule 30(b)(6) witness which included the Designated Topics. Declaration of Stephanie R. Tatar, ¶2, Exhibit 1 attached thereto. The deposition was noticed for January 3, 2025, but at the request of Trans Union's attorney, the deposition was reset to January 8, 2025. Tatar Decl. ¶3-6.

On Tuesday, November 19, 2024, Plaintiff served a new Notice of Deposition of Trans Union with the Designated Topics for January 8, 2025. Tatar Decl. ¶7. Ex. 4. On December 26, 2025, Trans Union's attorney, Attorney Singh, contacted Plaintiff's counsel, Attorney Tatar, and informed her that Trans Union would need to reschedule the deposition of TU's 30(b)(6) witness, Tamaya Tucker, because of a family emergency. Tatar Decl. ¶9. Attorney Tatar responded to this email and offered to enter into a stipulation to continue the discovery deadline for a few days for the sole purpose of accommodating the designated and presumably prepared witness's family emergency and offered to take the deposition any time in January. Tatar Decl. ¶10. On January 2, 2025, Attorney Singh informed Plaintiff's counsel that a continuance would not be necessary as she had secured another representative, Andrew Montella, to appear at the deposition. Tatar Decl. ¶11. Two days prior to the deposition, on January 6, 2025, Attorney Singh served various boilerplate objections

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

to every topic identified by Attorney Tatar in the Notice of Deposition. Tatar Decl. ¶12, Ex. 5. Attorney Singh also sent an email requesting to confer with Plaintiff's attorneys regarding her objections to the topics listed in the Notice. *Id*. Though the topics of examination were known to Attorney Singh since November 14, 2024, the first objections or comments Attorney Tatar received were less than forty-eight (48) hours to the start of this deposition, and time did not permit to confer on such short notice. None of the objections indicated that Trans Union refused to produce a witness to testify. See Ex. 5. At no point in time did Trans Union attempt to obtain a protective order as required by Federal Rule 26(c) related to the Designated Topics for the January 8, 2025, deposition. To date, Trans Union has not sought, and does not have, a protective order entered related to this deposition or its topics.

During the deposition of Trans Union's 30(b)(6) witness, Andrew Montella, it became clear that Trans Union had not designated or secured a witness to testify to each of the Designated Topics. Tatar Decl. ¶¶17-19. Specifically, there was no witness that was designated or presented to testify as to the following topics at all:

10.    The costs or expenses incurred by You in conducting each investigation into any dispute made by Plaintiff.

13.    The names and contact information of all of the fraud and/or identity theft department manager(s), assistants, and other person(s) responsible for creating, reviewing, conducting training on, inspecting, and implementing the fraud and identity theft related policies and practices of Defendant.

14.    The names and contact information of all of fraud and/or identity theft department manager(s), assistants, and other person(s) responsible for creating, reviewing, conducting training on, inspecting, and implementing the debtor identification and verification policies and practices of Defendant.

15.    The names and contact information of all of Defendant's employees and other person(s) who communicated with Plaintiff or anyone posing as Plaintiff, in writing, verbally, or otherwise, regarding the tradelines or accounts at issue.

16.    All of the oral and written training provided to employees of Defendant

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION**

from 2017 through the present regarding Defendant's policies, procedures, methods, techniques, tactics, rules, and regulations regarding fraud/identity theft.

17.    All of the oral and written training provided to employees of Defendant from 2017 through the present regarding state and federal laws regarding credit reporting and fraud/identity theft.

23.    Any and all complaints and allegations, including, but not limited to, lawsuits, demand letters, Better Business Bureau, State Licensing Agency, Yelp! reviews, Google reviews, any online review forum against Defendant for violation of credit reporting laws and/or fraud and identity theft laws in the preceding 36 months.

24.    All lawsuits instituted against You based on alleged violations of the CCRAA Cal. Civ. Code §1785 et seq., and Fair Credit Reporting Act 15 U.S.C. §1681 during the 5 years prior to the filing of the Complaint.

25.    All studies, audits, quality control analyses, or other investigations that You conducted regarding the frequency of identity theft disputes over the previous 5 years.

26.    All studies, audits, quality control analyses, or other investigations that You conducted regarding the frequency of identity theft disputes involving Wells Fargo, N.A. over the previous 5 years.

Trans Union also had not prepared Mr. Montella to fully testify on topics he stated he would testify to. Tatar Decl. ¶¶17-19. Mr. Montella responded "I don't know," referred Attorney Tatar to another department, and was woefully unprepared to offer testimony regarding various topics including: Topics 1, 2, 6-7, and 8-9:

1.    The factual basis of each affirmative defense that You pled as to Plaintiff's claims.

2.    All of Defendant's policies, procedures, methods, techniques, tactics, rules, and regulations regarding investigating tradelines when a consumer claims the tradeline is the result of identity theft.

6.    All communications, written, verbal, or otherwise between Defendant and its staff regarding the tradelines at issue Defendant was reporting or

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

publishing about Plaintiff, including all internal notes, records, and communications.

7.    All communications, written, verbal, or otherwise, internally within Defendant regarding the investigation(s) into dispute(s) received by Defendant from Plaintiff or from a CRA regarding the account(s) at issue in this case.

8.    All communications, written, verbal, or otherwise, between Defendant and any third party, including but not limited to Plaintiff and/or the CRAs, regarding the investigation(s) into dispute(s) received by Defendant from Plaintiff or from a CRA regarding the account(s) at issue in this case.

9.    All information regarding Defendant's investigation(s) into dispute(s) received by Defendant from Plaintiff or from a CRA regarding the account(s) at issue in this case.

Tatar Decl. ¶19 and Excerpts of Deposition Transcript of Andrew Montella, Exhibit 6. Attorney Tatar met and conferred with Attorney Singh on the record during the deposition on January 8, 2025. Tatar Decl. ¶20.

Plaintiff contends that the deposition of Trans Union should be ordered to continue because Trans Union failed to obtain a protective order in advance of the depositions excusing the appearance(s) of a corporate representative and failed to present a witness adequately prepared to testify regarding the Designated Topics. The Designated Topics were timely noticed, relevant and reasonably tailored to the issues presented in this matter.

## III.    TRANS UNION'S FAILED TO OBTAIN A PROTECTIVE ORDER

Trans Union was required to prepare for and attend the duly noticed Deposition on January 8, 2025. It did neither. Trans Union's sham appearance on January 8, 2025, with no Protective Order either applied for or in place, justifies the relief Plaintiff requests herein.

Rule 30(b)(6) permits entity depositions upon notice describing the examination topics. The entity must designate representatives to testify on each topic unless it obtains court relief through a protective order under Rule 26(c).

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Trans Union's objections cannot justify its refusal to testify, as the proper procedure is "not to serve objections on the opposing party, but to move for a protective order."[1] *Rutherford v. Evans Hotels*, LLC, 2018 U.S. Dist. LEXIS 202663, 2018 WL 6246516, at *3 (S.D. Cal. Nov. 29, 2018) citing *Beach Mart, Inc. v. L & L Wings, Inc*., 302 F.R.D. 396, 406 (E.D. N.C. 2014)). "[A]bsent agreement, a party who…does not wish to comply with a notice of deposition must seek a protective order." *New England Carpenters Health Benefits Fund v. First DataBank, Inc*., 242 F.R.D. 164, 165-66 (D. Mass. 2007) (footnotes omitted). *See Gibbs v. Anderson*, No. CV 19-7455-RGK (PLA), 2021 U.S. Dist. LEXIS 252627, at *10 (C.D. Cal. Oct. 8, 2021) citing *Poche Mines Consolidated, Inc. v. Dolman*, 333 F.3d 257, 269 (9th Cir. 1964) ("It is for the court, not the deponent or his counsel, to relieve him of the duty to appear."). Trans Union's unilateral refusal to comply with Plaintiff's Notice of Deposition improperly shifted the burden to Plaintiff to seek judicial intervention. *Darbeevision, Inc., v. C&A Mktg*, No. CV 18-0725 AG (SSx), 2019 U.S. Dist. LEXIS 134914, at *25 (C.D. Cal. Jan. 28, 2019).

"A party's failure to appear at that party's deposition 'is not excused on the ground that the discovery sought was objectionable." *Holloway v. 3M Co*., No. EDCV19-708 JAK (KKx), 2019 U.S. Dist. LEXIS 222001, at *66 (C.D. Cal. Oct. 31, 2019). In fact, a litigant's "attempt to avoid sanctions by arguing objections to the deposition notice is a tactic that has been 'expressly eliminated' by the governing rule." *Prodox, LLC v. Prof'l Document Servs.*, 341 F.R.D. 679, 684 (D. Nev. 2022).

Trans Union's last-minute objections were procedurally improper as "[s]ervice of such objections, two days before the start of the deposition, is not the proper manner to challenge the relevance or proportionality of Rule 30(b)(6) deposition topics." *Shuthima Pongsai v. Am. Express Co*., No. 8:19-cv-01628-DOC (JDEx), 2020 U.S. Dist. LEXIS 113168, at *9 (C.D. Cal. June 29, 2020).

---

[1]  Trans Union was ordered to produce a 30(b)(6) witness because it had not filed a protective order in *Suri v. Equifax Info. Servs*., LLC, No. 21-10866, 2022 U.S. Dist. LEXIS 83442 (E.D. Mich. May 9, 2022), Ex. 7.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Furthermore, Trans Union's failure to timely seek a protective order cannot now be remedied. Under Federal Rule of Civil Procedure 6(b)(1)(B), Trans Union would need to demonstrate excusable neglect because if it seeks a protective order at this point it is seeking one after the deadline. Fed. R. Civ. P. 6(b)(1)(B). The 9th Circuit requires satisfaction of a four-factor test to determine if in action rises to the level of excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Because Trans Union has made no such motion for a protective order, it cannot demonstrate any of these four factors. Plaintiff's motion must be granted since Trans Union failed to obtain the required protective order in advance of the deposition.

## IV.    TRANS UNION HAS WAIVED ITS OBJECTIONS

Trans Union failed to appear for the properly noticed Rule 30(b)(6) deposition to testify to eight (8) topics related to: expenses, witnesses, agent training, and quality control. A failure to appear is only excused if the party has obtained a protective order, irrespective of the service of objections to topics. *Holloway v. 3M Co*., 2019 U.S. Dist. LEXIS 222001, at *66. While Trans Union made improper boilerplate objections claiming overbreadth, burden and privilege, it failed to substantiate any of them.

The law requires more than mere objections: "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTTV Inc. v. Trone* 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing *Blackenship v. Hearst Corp.* 519 F.2d 418, 419 (9th Cir. 1975). Objections must be supported by "compelling proof in the form of evidentiary declarations or other evidence specifically describing the burden."

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1  *Bird v. Wells Fargo Bank*, No. 1:16-cv-01130-DAD-EPG, 2017 U.S. Dist. LEXIS
2  49675, at *11 (E.D. Cal. Mar. 31, 2017). Without specificity, objections are waived.
3  *Burns v. Imagine Films Entertainment, Inc.* 164 F.R.D. 589, 593 (W.D.N.Y. 1996)[2].

4      Trans Union's production of an unprepared witness, coupled with its
5  unsupported objections, represents the improper use "discovery tools as tactical
6  weapons rather than to expose the facts and illuminate issues…"
7  *Bird v. Wells Fargo Bank*, No. 1:16-cv-01130-DAD-EPG, 2017 U.S. Dist. LEXIS
8  49675, at *11 (E.D. Cal. Mar. 31, 2017). Trans Union's conduct appears calculated
9  to obstruct rather than facilitate the discovery process, effectively concealing
10 relevant information while running out the discovery clock.

### A. Topic 10: Costs or expenses Trans Union incurred in conducting each investigation into Plaintiff's disputes.

12     Resources devoted to investigating Plaintiff's disputes are relevant to
13 evaluating the reasonableness of the investigation and potential punitive damages.
14 The prioritization of cost and speed over accuracy goes directly to the type of
15 investigation performed by Trans Union. *See Ramones v. Experian Info. Sols., LLC*
16 537 F. Supp 3d 1314, 1322 (S.D. Fla. 2021). (In the alternative, Trans Union could
17 have provided testimony during the deposition of the salary, hourly rate and bonuses
18 obtained by the individual dispute investigators, but it responded "I don't know."
19 *See* Exhibit 6, 62:16-21.) Trans Union's argument that compiling this cost
20 information would be unduly burdensome is unavailing. Trans Union bears the
21 burden of demonstrating that the requested discovery imposes an undue burden or
22 expense. *Blackenship v. Hearst Corp.* 519 F.2d 418, 419 (9th Cir. 1975). Its
23 conclusory assertion of burden, without specific details about time, money and
24 resources required to compile this information, fails to satisfy this burden.

25     Trans Union's reference to confidentiality and the proprietary nature of the

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

---

[2] Trans Union's boilerplate objections overruled in *Childers v. Rent-A-Car E., Inc.,* No. 21-960, 2024 U.S. Dist. LEXIS 41841 (E.D. La. Mar. 11, 2024), Exhibit 8 and *Anderson v. Trans Union, LLC,* No. 2:22-cv-01214-GMN-NJK, 2023 U.S. Dist. LEXIS 118886, at *4 (D. Nev. July 11, 2023), Exhibit 9.

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION**

information rings hollow, as this Court entered a protective order for all proprietary information specifically designed to safeguard such information. *See* Protective Order, entered December 19, 2024, Dkt. 20.

Finally, Trans Union claims that the costs and expenses incurred for each of Plaintiff's disputes is privileged. Plaintiff's attorneys struggle to understand how this information is privileged, especially without production of a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A).

**B. Topics 13-15: Contact information of individuals responsible for creating, implementing and training on identity theft, and debtor verification and those that communicated with Plaintiff**

Fed. R. Civ. P. 26(a) requires the identification of individuals who have discoverable information. Fed. R. Civ. P. 26(a)(i). Names and contact information related to the policies and procedures at issue in this matter and Plaintiff's disputes are relevant because these individuals possess information that is probative to whether the dispute agents are properly trained to handle FCRA disputes. *See* Trans Union Answer to Complaint, Affirmative Defenses, Dkt. 8, ¶119, 121-123.

Defendant's overly broad objection to these topics is equally unfounded. These topics are sufficiently limited in scope to the allegations contained in Plaintiff's. Plaintiff recognizes that the topics may be interpreted as temporally overbroad. In an effort to find a middle ground, Plaintiff is amenable to limiting the timeframe for these topics to 2018-2024.

**C. Topics 16-17: Training provided to employees regarding Defendant's policies and procedures for fraud, identity theft and credit reporting.**

Topics 16 and 17 are of particular importance to the reasonableness of Trans Union's investigation, and whether it acted willfully. Not only does Plaintiff contend that the training of the individuals is relevant to reasonableness and recklessness, but Trans Union's own affirmative defenses put their training at issue when it plead that "Trans Union maintained and followed reasonable procedures" and that it acted "in compliance with the FCRA and CCRAA." See Affirmative Defenses, Dkt. 8, ¶¶119,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

121-122.

Trans Union's policies and procedures addressing identity theft and investigations of disputes, the training its dispute agents receive, and the incidence of accuracy in its investigations are germane to Plaintiff's claim that Trans Union negligently and willfully violated the Fair Credit Reporting Act and the California Credit Reporting Agencies Act. Trans Union has put this topic at issue by asserting its policies and procedures were adequate. Whether dispute agents were trained on the various statutory obligations, and therefor knew what the law required, will show whether Trans Union acted reasonably in its investigation and acted in reckless disregard of its statutory obligations. Whether Trans Union trained its employees to disregard information contained within a consumer's dispute, ignore previous disputes, or not to investigate disputes at all evidence Trans Union's willfulness and reckless disregard for the rights of the Plaintiff. *See Lara v. Experian Info. Sols., Inc.* 625 F. Supp. 3d 1062, 10074 (S.D. Cal. 2022).

### D. Topics 23, 24: Complaints and lawsuits regarding credit reporting, fraud or identity theft and
Topics 25, 26: Studies, audits, quality control analyses Trans Union has conducted regarding the frequency of identity theft disputes and identity theft disputes pertaining to Wells Fargo.

As Trans Union knows, because it had been previously ordered to produce this information[3], audits and quality control analyses are relevant to Plaintiff's §1681i reinvestigation claim and willfulness. Punitive damages for willful violations of the FCRA are available pursuant to 15 U.S.C. §1681n and pursuant to the California Credit Reporting Agencies Act, Cal. Civ. Code §1785.31(a)(2)(B). The U.S. Supreme Court held that Congress intended the term "willfully" within the FCRA to have its "common law usage." *See Safeco Ins. Co. of Amer. v. Burr*, (2007) 551 U.S. 47, 57. The High Court said that the common law "treated actions in 'reckless disregard' of the law as 'willful' violations." *Id.* It thus concluded that

---

[3] See *Suri v. Equifax Information Services, et al* Case No. 21-10866, Order granting Motion to Compel, Ex.7.

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION**

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1   "[t]he standard civil usage thus counsels reading the phrase 'willfully fails to
2   comply' in § 1681n(a) as reaching reckless FCRA violations." *Id.* (emphasis added).
3   Willfulness in the context of credit reporting cases means that the noncompliance
4   has an "unjustifiably high risk of harm that is either known or so obvious that it
5   should be known" *Smith v. LexisNexis Screening Sols., Inc.* 837 F.3d 604, 610 (6th
6   Cir. 2016) (quoting *Safeco v. Burr* 551 U.S. at 68).

7   In reviewing the willfulness of a particular defendant's actions, a fact finder
8   may review, among other things, the evidence of other complaints, the reliability of
9   the agency's procedures, and dispute and correction rates. *Id. See also Dalton v.*
10  *Capital Associated Industries, Inc.* 257 F.3d 409, 418 (4th Cir. 2001), *James v.*
11  *Experian Info. Solutions, Inc*., 2013 U.S. Dist. LEXIS 149709 (E.D. Va. Oct. 3,
12  2013) (Experian "shall identify any and all complaints, investigations, inquiries,
13  administrative proceedings, and civil actions made or brought against Experian or in
14  which Experian was involved"); *Ahern v. Trans Union LLC*, 2002 U.S. Dist. LEXIS
15  26355 (D. CT November 15, 2002) (previous violations, judgments and complaints
16  are relevant to Trans Union's state of mind and notice that it's actions were in
17  violation of a statute). Plaintiff may look to other consumers' past experiences with
18  Trans Union to support her claims of willfulness.

19  Trans Union's knowledge of previous lawsuits alleging similar inaccuracies,
20  and its own quality control data of Wells Fargo disputes show that Trans Union knew
21  Wells Fargo was not a reliable source of information and thus, it was not entitled to
22  rely on its investigation. This information is also relevant to show that Trans Union
23  acted recklessly in its investigation, knowing that other complaints and lawsuits have
24  been filed on the very same issue. This information would also show a pattern and
25  practice of reporting inaccurate derogatory credit information derived from identity
26  theft. FRE 406. *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d
27  939, 953(9th Cir. 2011).

28  Trans Union's objection was not supported by evidence as to how this topic

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION**

would place an undue burden and expense on it. In addressing this objection by Trans Union, the court in *Ahern v. Trans Union* noted "While it may be burdensome to require Trans Union to compile and permit discovery of the various legal complaints and judgments against it from 1997 to [2002], surely these documents are not so voluminous that it is an unreasonable or unfair burden for defendant to shoulder." *Ahern v. Trans Union*, 2002 U.S. Dist. LEXIS 26355, at *6.

## V. TRANS UNION'S INADEQUATE PREPARATION OF ITS 30(B)(6) WITNESS CONSTITUTES A FAILURE TO APPEAR

It is undisputed that Trans Union's witness, Andrew Montello, was unable to answer many questions for which he was designated as its 30(b)(6) witness. Federal Rule 30(b)(6) requires a corporation to designate a witness to testify for the corporation "about information known or reasonably available to the corporation." Fed. R. Civ. P. 30(b)(6). Adequate preparation is critical to satisfying it's burden of producing a corporate witness: "When a party notices topics for deposition, the corporation must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledge[able], and binding answers on behalf of the corporation." *Lofton v. Verizon Wireless (VA),* LLC, 308 F.R.D. 276, 289 (N.D. Cal. 2015)(quoting *Guidu Li v. A Perfect Day Franchise, Inc.,* 2011 U.S. LEXIS 96715, 2011 WL 3895118, at *2 (N.D. Cal. July 1, 2015). "If the designee does not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designee so that he or she may give knowledgeable and binding answers for the corporation." *San Diego Unified Port Dist. v. TDY Indus.* 2005 U.S. Dist. LEXIS 56226 at *8, (S. D. Cal. November 21, 2005). Though a witness may not have personal knowledge, because the witness testifies as the corporation, it has the duty to prepare; meaning, the witness must review documents and speak with other employees. *San Diego Unified Port. Dist.,* 2005 U.S. Dist. LEXIS 56226 at *8.

Trans Union's witness was unprepared to testify regarding basic

organizational background information regarding Trans Union's dispute department, and could not answer questions related to deposition topics 1-2 and 6-9. Trans Union had seven (7) weeks to prepare its witness to testify to the topics in the Notice of Deposition, however, Mr. Montella testified that he did not know the answer to a multitude of questions relating to these Designated Topics. His lack of preparedness means Trans Union did not meet its requirements under Rule 30(b)(6).

Mr. Montella responded to the following questions with either "I don't know" or referring attorney Tatar to another department for the answer. *See* Exhibit 6.

## A. Background Information

Attorney Tatar requested information regarding ████████████████ ████████████████████████████████████████████ Mr. Montella responded "I don't know" or some iteration of this response to questions regarding

████████████████████████████████████ ████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████

Mr. Montella's responses also included a referral to ask the Consumer Relations Department of Trans Union ████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████

## B. Topic No. 1: Factual Basis for each Affirmative Defense.

Trans Union's affirmative defenses claim compliance with policies, the FCRA and the CCRAA. *See* Dkt. 8. *Id.* at ¶¶119, 121-122. Trans Union's standard

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION**

procedures regarding dispute investigations are relevant to not only Plaintiff's allegations, but also Trans Union's Affirmative Defenses. Mr. Montello was unable to answer questions regarding ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████

Trans Union also pled in its Affirmative Defenses that it acted reasonably, and did not act with willful intent. *See* Aff. Def. ¶¶121, 123. Attorney Tatar asked Mr. Montello if Trans Union ever audited the dispute responses it received from Wells Fargo, ████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████ Mr. Montello could not answer questions regarding ████████████████████████████████████████████████████████ █████████████████ ██ █████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Mr. Montella also stated he did not know if Trans Union ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████ These questions also related to Topic No. 2.

**C. Topic No. 2: Defendant's policies, procedures, methods, techniques and rules regarding investigations**

---

[4] Mr. Montella referred Attorney Tatar to the e-Oscar department ████████████████████ ████████████████████████████

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1  A myriad of questions were posed to Mr. Montella regarding the processes

2  and procedures pertaining to how dispute investigations are handled by Trans Union.

3  He was unable to answer question regarding ███████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████

14  As a final note, Mr. Montella made it very clear that he did not adequately

15 prepare for this deposition. He stated that he did not attempt to avail himself of

16 information possessed by ████████████████████████████████

17 ████████████████████

18  **D. Topic No. 6-7: All communications regarding the Wells Fargo accounts**

19  When asked why the two Wells Fargo accounts were suppressed from

20 Plaintiff's credit report after the filing of the lawsuit, Mr. Montello ███████

21 ████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████

23 ████████████████ These topics were specifically related to Plaintiff's

24 disputes and credit report information, and there is simply no excuse for Trans

25 Union's corporate representative to be unprepared to answer these questions.

26  **E. Topic No. 9: Information regarding Defendant's investigation**

27  The investigation Trans Union conducted into each of Plaintiff's disputes is

28

1  at the very heart of Plaintiff's FCRA and CCRAA claims. *See* Plaintiff's Complaint,

2  Dkt. 1. Mr. Montella could not answer questions regarding the ████████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████    Furthermore, Mr. Montella instructed Attorney Tatar to contact the

8  consumer relations department ████████████████████████████████

9  ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████

11      Mr. Montella testified that he limited his preparation to matters between

12 December 2020 and the present. (112:18-113:8). Consequently, he could not testify

13 regarding relevant communications from the Plaintiff, referenced in the Complaint,

14 dating back to August, 2019 (113:3-114:5). He was also unable to explain ████████

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████    though this information related to Trans Union

18 investigation and what information it had in its possession during its investigation.

19 It also related to communications between Trans Union and third-parties, Topics 6-

20 7. This clearly evidences his lack of preparation.

21 **VI.    CONCLUSION**

22      Trans Union's unprepared witness and refusal to testify on noticed topics

23 demonstrates deliberate obstruction of discovery obligations under Rule 30(b)(6).

24 Its unsupported boilerplate objections, made without seeking a protective order,

25 cannot justify failing to provide testimony on topics central to both Plaintiff's claims

26 and Trans Union's own defenses. This conduct has unnecessarily increased costs and

27 delayed discovery, warranting both compelled testimony and monetary sanctions.

28      Accordingly, this Court should order Trans Union to designate and prepare

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION**

witnesses to testify regarding the Designated Topics within forty-five (45) days. Plaintiff requests the opportunity to file a Motion for Sanctions in the event this Motion is granted.

**TATAR LAW FIRM, APC.**

DATED: January 21, 2025

BY: /s/ *STEPHANIE R. TATAR*
STEPHANIE R. TATAR
ATTORNEY FOR PLAINTIFF
IVYSHANNE ACORIN

## CERTIFICATE OF SERVICE

I, Stephanie R. Tatar, am the ECF user whose identification and password are being used to file this document.

I also hereby certify that on January 21, 2025, I electronically filed a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TRANS UNION and DECLARATION OF STEPHANIE R. TATAR IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL** with the Clerk of the Court for the United States District Court of California for the Southern District of California using the CM/ECF system. I also certify that all participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

DATED: January 21, 2025

**TATAR LAW FIRM, APC.**
BY: */S/ STEPHANIE TATAR*

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104